## Edward Marks, Appellee, v. American Furniture Novelty Company, Appellant.

### Gen. No. 23,349.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed November 5, 1917.

### Statement of the Case.

Action by Edward Marks, plaintiff, against the American Furniture Novelty Company, a corporation, defendant, to recover for merchandise sold and delivered by plaintiff's assignors to defendant. Defendant filed a claim of set-off for an alleged breach of a contract which it claimed to have made with plaintiff's assignors for certain merchandise, claiming a loss of profits in the sum of $824.67, on the ground that the goods were specialties and were to be made to order and could not be bought in the open market. Such claimed profits consisted in the difference between the prices at which the goods were bought and those at which defendant sold them for delivery for the Christmas trade. From a judgment for plaintiff for $976.71, the contract price of the goods, defendant appeals.

ROBERT F. KOLB, for appellant; FRANK INGRAFFIA, of counsel.

REUBEN J. FELDMAN, for appellee; JOHN J. WHITESIDE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Marks v. American Furniture Novelty Co., 208 Ill. App. 186.

## Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 9*—*when evidence shows that transactions set up in plaintiff's and defendant's pleadings are separate and distinct.* In an action to recover for merchandise sold and delivered by plaintiff's assignors to defendant, in which defendant interposed, a set-off for an alleged breach of a contract which defendant claimed to have made with plaintiff's assignors for certain merchandise, evidence *held* sufficient to sustain a finding that the transactions set up in plaintiff's statement of claim and defendant's set-off were separate and distinct transactions.

2. SET-OFF AND RECOUPMENT, § 40*—*when claim of set-off not established.* In an action to recover for merchandise sold and delivered by plaintiff's assignors to defendant, evidence *held* insufficient to sustain defendant's claim of set-off.

3. SET-OFF AND RECOUPMENT, § 10*—*what may not be subject of set-off.* A claim for unliquidated damages may not be the subject of a set-off where it in no way grows out of or is connected with the cause of action of plaintiff.

4. DAMAGES, § 81*—*when are unliquidated.* Damages for loss of profits which are arrived at by computing the difference between the contract price and the price at which goods are claimed to have been resold are unliquidated.

5. DAMAGES, § 81*—*what constitute unliquidated.* Unliquidated damages are such as are unascertained, as those arising out of a breach of a contract where the amount of damages has not been determined by agreement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.